UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES PAROLE COMMISSION, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil No. 1:11-cv-00474 (ESH) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

On July 6, 2011, Defendant United States Parole Commission ("USPC"), Defendant Isaac Fulwood, Jr., Defendant Cranston J. Mitchell, Defendant Patricia K. Cushwa, Defendant Patricia Wilson Smoot, Defendant Aprille Cole and Defendant Jamie Brand (collectively "Defendants") filed a Motion to Dismiss Plaintiff's Complaint explaining that the parole provisions at issue in this case were lifted and that Defendant's regulations require notice and an opportunity to be heard before the sex offender conditions at issue in this case could be re-imposed.

On July 20, 2011, Plaintiff filed an Opposition to Defendant's Motion to Dismiss arguing that the doctrines of voluntary cessation and capable of repetition yet evading review, along with Plaintiff's claim of nominal damages, prevent this matter from being moot. Plaintiff's arguments, however, ignore an important fact – that there are additional regulatory safeguards that provide Plaintiff with the very notice and opportunity to be heard he is requesting in his Complaint before the provisions at issue in this case may be re-imposed. Furthermore, Plaintiff's nominal damages argument is unavailing because sovereign immunity precludes his claim for money damages and even if Plaintiff were permitted to obtain money damages, his passing

mention of section 1983 nominal damages in his prayer for relief is not sufficient to save his claim. In that the events in the instant case have "outrun the controversy such that the [C]ourt can grant no meaningful relief," Defendant now requests that the Court dismiss this matter as moot. *McBryde v. Comm. to Review Circuit Council Cond. and Disab. Orders*, 264 F.3d 52, 55 (D.C. Cir. 2001) (citations omitted).

I.  **PLAINTIFF IGNORES THE REGULATORY SAFEGUARDS IN PLACE WHEN ARGUING THAT HIS CLAIMS ARE NOT MOOT.**

First Plaintiff asks this Court to ignore the additional safeguards that provide Plaintiff notice and an opportunity to be heard and find that this case is not moot. The regulations at play when an individual is initially released from parole differ from the regulations governing amendment of parole provisions that are already in place. In his opposition, Plaintiff argues that this matter is not moot because Defendant is unable to make it "absolutely clear" that the alleged violations Plaintiff allegedly suffered when parole conditions were initially placed upon him, after he was released from him most recent prison term, could not reasonably re-occur. *See* Pl's Opp. at 6-12 (arguing that "there is a 'reasonable expectation that the same complaining party would be subject to the same action again'"). The alleged constitutional violation that Plaintiff claims is likely to re-occur is the imposition of parole provisions without notice and an opportunity to be heard. *See* Complaint at ¶¶ 27-33, 44. Plaintiff, however, ignores the fact that there are specific safeguards in place governing the amendment of parole conditions already in place and Defendant, therefore, is incapable of re-imposing the provisions at issue without notice and opportunity to be heard. *See* 28 C.F.R. § 2.204(c)(2) (providing a parolee a 10 day notice and comment period when amending or modifying parole conditions unless the Commission determines that the "modification or addition must be ordered immediately to prevent harm to the releasee or the public"). In that Plaintiff is entitled to regulatory safeguards that shield him

from the alleged constitutional violation that he complains of, it is "absolutely clear" that the alleged constitutional violations raised in Plaintiff's Complaint are unlikely to re-occur and this matter is moot. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (explaining that when "there is no reasonable expectation . . . that the alleged violation will recur" and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation" the case should be dismissed as moot).

Plaintiff's argument that the alleged "constitutional violations" are likely to re-occur is without support. The essence of Plaintiff's claim is that Defendant's actions were unconstitutional in failing to provide notice and an opportunity to be heard before Plaintiff was subjected to particular parole provisions. *See* Complaint at ¶ 31 ("Additional procedural safeguards could easily provide Plaintiff with notice and afford him an opportunity to be heard, as well as provide Plaintiff with knowledge of the factual basis upon which official action is undertaken; thereby reducing the risk of an erroneous deprivation of Plaintiff's liberty interest"); *id*. at ¶ 32 ("There is no legitimate or pertinent governmental interest that outweighs the benefits of reducing the risk of an erroneous deprivation of Plaintiff's constitutionally protected liberties through use of the procedural safeguards that would, at minimum, provide notice and an opportunity to be heard by Plaintiff."); *id*. at ¶ 33 ("There is no overwhelming government interest, or imminent harm that requires to (sic) the Defendant to preclude, at minimum, providing notice, a hearing, and an opportunity to be heard."); *see also id* at ¶ 44 (requesting relief from the alleged "violation of the Due Process Clause of the Fifth Amendment" in the form of "procedural safeguards of notice, an opportunity to be heard, and knowledge of the factual basis upon which an official discriminatory decision is to be made before the Special Restrictions were imposed"). While Plaintiff's Complaint raises other constitutional arguments regarding the

effects individual parole provisions had on him, Plaintiff does not, and has no basis to, allege that those individual violations, i.e. violation of the First Amendment etc., are likely to re-occur but focuses his Opposition on the alleged due process violation in the alleged failure to provide him notice and an opportunity to be heard.  *See generally* Pl's Opp.

Plaintiff, however, cannot be subjected to the same alleged conduct – imposition of parole provisions without notice and an opportunity to be heard – because Defendant is required to provide such notice and an opportunity to be heard, save one limited exception, before any further amendments to his parole provisions may be imposed.  *See* 28 C.F.R. § 2.204(c)(2) ("Except as provided in paragraph (c)(2)(ii) of this section, before the Commission orders a change of condition, the releasee shall be notified of the proposed modification or addition and, unless waived, shall have 10 days from receipt of such notification to comment on the proposed modification or addition. Following that 10–day period, the Commission shall have 21 days, exclusive of holidays, to determine whether to order such modification or addition to the conditions of release.").  Accordingly, Plaintiff's argument that Defendant has failed to "completely and irrevocably eradicate the effects" of the alleged actions is without legal or factual support.

Furthermore, Plaintiff's reliance on the recent decision in *Goings v. Court Services and Offender Supervision Agency for Dist. of Columbia*, 2011 WL 1837749 (D.D.C. 2011) is misplaced.  In *Goings* the Plaintiff filed suit alleging that the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA") violated his substantive and procedural due process rights in imposing particular parole provisions on him while limiting the type of notice and opportunity to be heard that the plaintiff was afforded.  *See id* at *7.  Unlike the instant case, the plaintiff in *Goings* did not raise a general challenge to an alleged blanket

failure to provide notice and an opportunity to be heard but specifically challenged the adequacy of the notice and hearing afforded to him. *See id*. In that the facts in *Goings* differed from the facts in the instant case, the Court in *Goings* issued a ruling which should differ from the ruling the Court renders in the instant case.

In imposing a *preliminary* injunction, the Court in *Goings* found that the matter was not moot because the Plaintiff in that case remained subject to a number of the parole conditions in dispute. The Court in *Goings* found that the plaintiff's claims were not moot in part because CSOSA altered *some*, but not all, of Plaintiff's disputed parole provisions and a number of the disputed "prohibition[s] [were] still in effect, despite the modification." *Id*. at *11. The Court in *Goings* also rejected CSOSA's argument that the notice and opportunity to be heard afforded the plaintiff during the *initial assessment* of plaintiff's parole provisions mooted the action. *See id*. at *11-*12. As previously stated, the plaintiff in *Goings* challenged the adequacy of the initial due process he was afforded. Therefore, the Court held that CSOSA's argument that the plaintiff received proper due process during the initial assessment was "not a mootness argument at all." *See id* at *12. The Court held that "the defendant does not assert that there is no longer an on-going controversy" "[r]ather, the defendant contends that the plaintiff was afforded sufficient process. This is an argument on the merits of the plaintiff's claim, which is precisely the dispute that the Court is tasked with deciding. Therefore, the plaintiff's procedural due process claim is not moot." Plaintiff's attempt to now rely on that language to save his claim is misguided. *See* Pl's Opp. at 5 ("As Judge Howell held in connection with a similar argument in another action challenging the imposition (and subsequent modification) of sex offender probation conditions by CSOSA, Defendants' argument is not really a mootness argument at all, but rather goes to the merits of Plaintiff's procedural due process challenge.").

Unlike *Goings*, Plaintiff's constitutional claim is not that the notice and opportunity to be heard that he was afforded was insufficient, but that Defendant's actions were unconstitutional in failing to provide him *any* notice or opportunity to be heard.  *See* Complaint at ¶ 32 ("There is no legitimate or pertinent governmental interest that outweighs the benefits of reducing the risk of an erroneous deprivation of Plaintiff's constitutionally protected liberties through use of the procedural safeguards that would, at minimum, provide notice and an opportunity to be heard by Plaintiff.").  Likewise, the current argument before the Court is not that *some* of the provisions Plaintiff was subjected to have been lifted, but "that there is no longer an on-going controversy" because *all* of the parole provisions at issue in this case have been lifted and the very constitutional violation Plaintiff complains of, i.e. imposition of parole provisions without notice and an opportunity to be heard, is blocked from re-occurring because of Defendant's regulations.  *See generally*, Def's Mt. to Dismiss.  In that there is no longer a "live case or controversy" in this matter, Defendant requests that the Court dismiss this matter as moot.

## II.     PLAINTIFF'S NOMINAL DAMAGES ARGUMENT IS UNAVAILING.

Finally, Plaintiff's argument that his claims are not moot because he requested nominal damages under 42 U.S.C. section 1983 is unavailing because sovereign immunity bars Plaintiff's claim for money damages and even if Plaintiff were able to collect money damages, he does not raise an explicit section 1983 claim for relief but adds a note regarding nominal damages to his prayer for relief for the sole purpose of defeating mootness.  In that Plaintiff's nominal damages arguments are insufficient to save his claims, the Court should dismiss Plaintiff's Complaint as moot.

First, Plaintiff's nominal damages argument fails as a matter of law because sovereign immunity bars Plaintiff's claim for money damages against the U.S. Parole Commission or any

6

of its Commissioners.  *See Fletcher v. District of Columbia, et al.*, 481 F.Supp.2d 156, 161-162 (D.D.C. 2007) (explaining that "sovereign immunity shields the [United States Parole Commission] from money damages under § 1983" and further holding that "[b]ecause the Commission is entitled to sovereign immunity from plaintiff's damages action, claims for damages against the individual members of the Commission in their official capacities likewise must be dismissed."); *see also Fletcher v. District of Columbia, et al.*, 370 F.3d 1223, 1227 (D.C. Cir. 2004) (explaining that section 1983 claims against the United States Parole Commission are limited to prospective injunctive relief not monetary damages).  In that Plaintiff is barred from recovering the monetary nominal damages that he seeks from Defendant he is unable to rely upon his claim of those damages as his basis for asserting that there remains a "live case or controversy."  Accordingly, Defendant's Complaint should be dismissed.

Furthermore, even if Plaintiff's nominal damages claim weren't barred by sovereign immunity, Plaintiff's attempt to raise nominal damages for the sole purpose of defeating mootness fails.  In the instant case Plaintiff raises numerous claims requesting declaratory relief under 28 U.S.C. section 2201, in addition to relief under the Administrative Procedure Act, 5 U.S.C. section 701 *et seq*.  *See generally* Complaint.  Throughout more than forty-two (42) paragraphs of allegations, Plaintiff never once alleges that Defendant's actions violated section 1983, nor does Plaintiff allege section 1983 as a basis for liability.  *See* Complaint at ¶¶ 1 – 42 (containing Plaintiff's factual allegations, the basis of Defendant's liability and Plaintiff's specific "Claim(s) for Relief").  In fact, the only mention of section 1983 in Plaintiff's entire Complaint is under his "Relief Requested" section and is limited to one sentence requesting that the Court "Award Plaintiff nominal damages (under 42 U.S.C. § 1983) for the violations of

Plaintiff's constitutional rights." *Id*. at ¶ 49.  Plaintiff's passing mention of section 1983 and nominal damages is not sufficient to save his case.

Despite the fact that Plaintiff does not raise section 1983 as a basis for jurisdiction and does not expressly raise section 1983 as a direct "Claim for Relief," Plaintiff cites to a number of section 1983 cases to support his position that his claim of nominal damages is sufficient to prevent this action from becoming moot.  *See* Pl's Opp. at 12-13.  The U.S. Supreme Court has warned, however, that a claim of nominal damages raised for the sole purpose of attempting to survive mootness is ineffective.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (explaining that a party's attempt to invoke nominal damages for the sole purposes of defeating mootness is ineffective and that "it should have been clear ... that a claim for nominal damages, extracted late in the day from [plaintiff]'s general prayer for relief and asserted solely to avoid otherwise certain mootness, bore close inspection.").  Accordingly, the Court should reject Plaintiff's attempt to avoid mootness by mentioning section 1983 nominal damages without expressly raising a section 1983 claim.

It is undisputed that each and every alleged unconstitutional or otherwise improper act that Plaintiff challenges in his Complaint have ended.  It is also undisputed that unless Plaintiff becomes an immediate threat to the general public, none of the disputed parole provisions, or any other amendment to his parole conditions, may take place without first affording Plaintiff notice and an opportunity to be heard.  Despite these undisputed facts, Plaintiff continues to assert that there is a "live case or controversy" before the Court regarding the imposition of parole provisions on Plaintiff and regarding a failure to provide Plaintiff with a notice or an opportunity to be heard.  Plaintiff's arguments are without support and Defendant respectfully requests that the Court grant its Motion to Dismiss this matter as moot.

Dated: August 10, 2011
      Washington, DC

           Respectfully submitted,

           RONALD C. MACHEN JR., D.C. Bar # 447889
           United States Attorney
           for the District of Columbia

           RUDOLPH CONTRERAS, D.C. Bar # 434122
           Chief, Civil Division

           BY:  /s/ Carl E. Ross_____
           CARL EZEKIEL ROSS, D.C. Bar #492441
           Assistant United States Attorney
           United States Attorney's Office
           Civil Division
           555 4th Street, N.W.
           Washington, D.C. 20530
           Phone: (202) 514-7201
           Fax: (202) 514-8780